Robert Harry PLANT, Appellant,

v.

Edward E. HAYNES, Director, Division of Corrections, and Donald W. Wyrick, Warden, Missouri State Penitentiary, Respondents.

No. KCD 29380.

Missouri Court of Appeals, Kansas City District.

July 3, 1978.

Jerry W. Venters, Asst. Public Defender, 19th Judicial Circuit, Jefferson City, for appellant.

Robert Presson, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, for respondents.

Before SHANGLER, P. J., WASSERSTROM, J., and CLARK and MARTIN, Special Judges.

GENE R. MARTIN, Special Judge.

Plaintiff, a prisoner in custody in the Missouri State Penitentiary, filed two separate petitions in the Cole County Circuit Court against the Director of the Division of Corrections and the Warden. Each petition was denominated a petition for declaratory judgment and alleged it was brought "pursuant to Chapter 527 et seq. RSMo

1969, and Supreme Court Rule 87.02(d); * * * to remove uncertainty and resolve a controversy between plaintiff and the defendants * * *." Upon motion of plaintiff, the two petitions were consolidated.

The petition assigned number 28738 claimed that defendants were erroneously construing and applying a five year sentence plaintiff received November 9, 1973, in the Circuit Court of St. Louis County, Case No. 292885, for attempted burglary second degree as being a consecutive term of imprisonment to sentences of ten years and five years imposed by the Circuit Court of St. Charles County, Case No. 7835, for burglary second degree and stealing in connection with a burglary respectively. Plaintiff alleged that the oral pronouncement of sentence in Case No. 292885, which stated "said sentence to run consecutive to sentence imposed in St. Charles, Missouri" was vague and indefinite and that defendants' erroneous computation deprived him of his constitutional rights. He prayed for "a declaratory judgment against the defendants by declaring that defendants are illegally computing said five (5) year sentence as a consecutive term of imprisonment."

The petition assigned number 28739 is not set out in the transcript, however, a reading of the entire transcript indicates that this petition was with reference to the sentences imposed by the Circuit Court of St. Charles, Missouri in Case No. 7835. In this petition, apparently, plaintiff's contention was that defendants were erroneously construing the five year sentence for stealing in connection with a burglary as being consecutive to the ten year sentence for burglary second degree. We note that in a motion for default judgment filed by plaintiff, obviously addressed to the issues in this petition numbered 28739, he seeks a declaration that the five year sentence imposed by the Circuit Court of St. Charles County, Missouri, in Case No. 7835, be regarded as a concurrent term of imprisonment with the ten year sentence imposed by the same court for burglary second degree.

Subsequently, plaintiff filed a supplement to each of his petitions. Supplementing his petition regarding the St. Louis County sentence, plaintiff made the additional point that said sentence should commence on the date of imposition because the judgment and sentences in St. Charles County were void. Supplementing his petition regarding the St. Charles County sentences, plaintiff made the additional point that said sentences were void because the oral pronouncement of judgment and sentence failed to show a finding of guilt by the court either upon a jury verdict or a plea of guilty.

Still later, plaintiff filed another "Petition for Declaratory Judgment." Plaintiff recites in the opening paragraph that the petition was filed pursuant to the court's request. It appears that trial was had upon this, the third petition filed. The third petition basically consolidated within the one petition the allegations and contentions of plaintiff as contained in the two petitions originally filed by plaintiff. Plaintiff's contention that the St. Charles County sentences were void as set forth in the supplemental petitions was not realleged.

The third petition alleged, in substance, that plaintiff was confined by virtue of a sentence imposed June 1, 1970, in case number 7835 in the Circuit Court of St. Charles County in which he received ten years for burglary second degree and five years for stealing in connection with a burglary "such terms to run consecutively"; that while serving said sentence, plaintiff was convicted in the Circuit Court of St. Louis County, Case No. 292885, of attempted burglary, second degree and on November 9, 1973, he received a five year sentence "to run consecutive to sentence imposed in St. Charles, Missouri"; that defendants are construing and computing the sentences in Case No. 7835 as being consecutive resulting in a fifteen year term, and further construing the sentence of five years in Case No. 292885 as being consecutive to the ten and five year sentences in Case No. 7835 making a total combined sentence of twenty years; that under the law, all of said sentences were concurrent and that

defendants were violating his constitutional rights by computing the same as consecutive. Plaintiff prayed the court to declare his sentences to be concurrent and to order the defendants to so compute his term of imprisonment.

Defendants' answer to the third petition denied, inter alia, the court's jurisdiction alleging the exclusive procedure for correcting a sentence is by motion pursuant to Supreme Court Rule 27.26, V.A.M.R.

On February 18, 1977, the trial court entered its order declaring that the sentences in Case No. 7835 were consecutive, and that the sentence in Case No. 292885 was consecutive to the sentences imposed in Case No. 7835, that defendants had properly interpreted said sentences and denied plaintiff the relief requested. Plaintiff appealed.

The only point raised and briefed by plaintiff on this appeal relates to the sentence imposed in Case No. 292885 by the Circuit Court of St. Louis County. Plaintiff contends said sentence "was so vague, indefinite, uncertain and ambiguous that it could not be determined from the record whether the sentence imposed should be served consecutively or concurrently with the sentences imposed by the Circuit Court of St. Charles County" and therefore it must be construed to be concurrent.

■ Neither party, on this appeal, has raised the question of the trial court's jurisdiction to consider plaintiff's petition. Nevertheless, this court is obligated to consider it ex gratia. *Huffman v. Department of Revenue*, 523 S.W.2d 107 (Mo.App.1975). Jurisdiction of the trial court is a matter which may be raised at any time. *Randles v. Schaffner*, 485 S.W.2d 1 (Mo.1972). If the trial court was without jurisdiction, its judgment was absolutely void. *Huffman v. Department of Revenue*, supra; *Randles v. Schaffner*, supra. An appeal from a void judgment vests no jurisdiction in this court except to determine the invalidity of the judgment appealed from and dismiss the appeal. *Ross v. Conco Quarry, Inc.*, 543 S.W.2d 568 (Mo.App.1976).

Plaintiff has made it clear by his petition that he seeks an order of the court declaring his rights, status and legal relations as affected by the sentences imposed against him. He has specifically denominated his petition as one for a declaratory judgment and he claims that an order upon his petition will terminate a controversy between him and the defendants and remove an uncertainty regarding the term of his imprisonment. It is equally clear that the allegations of plaintiff's petition constitute a collateral attack upon the sentences imposed against him. The object of his petition is to have vacated or set aside that part of each sentence which states that it is to run consecutively. In this manner, plaintiff seeks to have his sentences corrected and as thus corrected, his sentences would run concurrently.

■ The exclusive remedy for such an attack is by motion pursuant to Rule 27.26, Rules of Criminal Procedure. *Zigler v. State*, 467 S.W.2d 873 (Mo.1971). The Rule cannot be circumvented by denominating the petition by a different name. *Wiglesworth v. Wyrick*, 531 S.W.2d 713 (Mo. banc 1976). Also see *State v. Warren*, 344 S.W.2d 88 (Mo.1961) and *State v. Campbell*, 307 S.W.2d 486 (Mo.1957).

It is specifically provided by the Rule that the motion shall be filed in the court where the sentence was imposed. Rule 27.-26 is, in substance, the same as similar provisions of 28 U.S.C.A. § 2255 relating to judgments in the federal courts. Section 2255 requires the institution of the proceeding in the sentencing court. The federal courts have held this requirement to be jurisdictional. Consequently, a court, which did not impose the sentence, is without jurisdiction in the matter. *Gajewski v. Stevens*, 346 F.2d 1000 (8th Cir. 1965); *Blake v. State of Florida*, 395 F.2d 758 (5th Cir. 1968); *Domer v. Smith*, 422 F.2d 831 (7th Cir. 1969).

We also hold that the requirement of Rule 27.26 which provides that the motion shall be filed in the sentencing court is jurisdictional. *Wiglesworth v. Wyrick*, supra. None of the sentences to which plain-

tiff's petition is directed was imposed in the Cole County Circuit Court. The trial court was therefore without jurisdiction of plaintiff's petition and the subject matter thereof. Plaintiff's petition should have been dismissed.

Plaintiff's appeal is therefore dismissed. This cause is remanded to the trial court with directions to set aside the judgment and order made on February 18, 1977, and to dismiss plaintiff's petition for want of jurisdiction.

All concur.