William COOPER, Appellant,

v.

STATE of Missouri, et al., Respondents.

No. WD 44517.

Missouri Court of Appeals,
Western District.

Sept. 3, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 29, 1991.

Application to Transfer Denied
Dec. 17, 1991.

---

William Cooper, Moberly, pro se.

William L. Webster, Atty. Gen., Michael Pritchett, Asst. Atty. Gen., Jefferson City, for respondents.

Before LOWENSTEIN, C.J., and FENNER and HANNA, JJ.

HANNA, Judge.

William Cooper appeals the dismissal with prejudice of his petition for declaratory judgment which he brought against the state and prison officials. The cause has been transferred to this court from the Missouri Supreme Court where appellant initially filed his appeal. The trial court's dismissal of the declaratory judgment is affirmed.

Appellant was sentenced to life imprisonment in 1981 following his conviction of second degree murder. *See State v. Cooper*, 660 S.W.2d 184 (Mo.App.1983).

In his petition for declaratory judgment, appellant sought declarations that a statute fixing punishment for second degree murder and a prison disciplinary rule were unconstitutionally vague. Appellant prayed for declaratory relief, discharge from incarceration, injunction against retrial, expungement of the record, and actual and punitive damages.

In his first point, appellant argues the merits of his challenge to the constitutionality of § 565.008.2 (Repealed 1983), the statute which previously fixed punishment for second degree murder, and claims entitlement to declaratory relief. However, appellant has presented a substantially identical claim in an earlier judicial action. See *Cooper v. State*, 784 S.W.2d 621 (Mo.

App.1990). In a post-conviction proceeding brought under Rule 27.26 appellant alleged that his life sentence for second degree murder was invalidated by the vagueness of the sentencing provisions of § 565.008.2. In his appeal from the denial of his Rule 27.26 motion, appellant presented argument and legal authority materially similar to that presented in this declaratory judgment action. The *Cooper* decision ruled that life imprisonment was an authorized punishment under § 565.008.2 which provided for a term of imprisonment for not less than ten years.

Legal principles underlying access to declaratory and post-conviction relief support the dismissal of appellant's petition in this proceeding. The Uniform Declaratory Judgments Act in Chapter 527, RSMo 1986, is neither a general panacea for all legal ills nor a substitute for existing remedies. *King Louie Bowling Corp. of Missouri v. Missouri Ins. Guar. Ass'n*, 735 S.W.2d 35, 38 (Mo.App.1987). It is not to be invoked where an adequate remedy already exists. *Id.* An action for declaratory judgment will not be tolerated as a subterfuge or facade for relitigating an issue decided by a former final judgment. *Flanary v. Rowlett*, 612 S.W.2d 47, 50 (Mo.App.1981). Before its repeal, Rule 27.26 provided the exclusive procedure for attacking the constitutional validity of a criminal conviction and sentence. Rule 27.26(a), (b). Persons, such as appellant, who have completed one Rule 27.26 motion, are barred from resorting to successor Rule 29.15. Rule 29.15(k), (m); *Swenson v. State*, 772 S.W.2d 673, 674 (Mo.App.1989). A prisoner may not circumvent the applicable post-conviction rules by presenting a collateral attack upon his conviction and sentence in an action for declaratory judgment. *See Plant v. Haynes*, 568 S.W.2d 585, 587 (Mo.App. 1978).

In this case a Rule 27.26 motion was the legally proper procedure available to appellant and he availed himself of that remedy. Appellant's quest for declaratory judgment is a guise for obtaining another review of an adjudicated claim. With regard to appellant's challenge to the constitutionality of § 565.008.2, there was no error by the

court dismissing his petition for declaratory judgment. Appellant's first point is denied.

In appellant's second point he claims that a prison disciplinary rule for inciting a riot lacked fair notice of the prohibited conduct and failed to define riotous behavior. He asserted in his petition that he had been falsely charged and wrongly adjudged guilty by a disciplinary board of violating that rule in 1989. According to appellant, he was transferred from a medium security prison to a maximum security prison as a result of the violation. Appellant also asserted his constitutional claim concerning the violation in prison grievance proceedings but had received denials on two levels. Appellant concluded that the actions of the prison officials denied him due process, constituted cruel and unusual punishment, and required a declaration of the unconstitutionality of the disciplinary rule.

It is appellant's claim that the dismissal of his petition was erroneous because he alleged sufficient facts which presented an existing controversy concerning the indefiniteness of the prison disciplinary rule.

The test for the sufficiency of the petition for declaratory judgment is not whether the plaintiff is entitled to the relief prayed for, but whether he is entitled to a declaration of rights or status on the facts pleaded. *Nations v. Ramsey*, 387 S.W.2d 276, 279 (Mo.App.1965). In reviewing for sufficiency, a court must construe the petition favorably to the plaintiff and accept his allegations as true. *J.H. Fichman Co., Inc. v. City of Kansas City*, 800 S.W.2d 24, 27 (Mo.App.1990). In order to maintain a declaratory judgment action the pleader must set forth three requisite elements: a justiciable controversy, a legally protectible interest, and a question ripe for judicial determination. *King Louie*, 735 S.W.2d at 38. Justiciability contemplates a real, substantial, presently existing controversy admitting of specific relief. *City of Jackson v. Heritage Sav. and Loan Ass'n*, 639 S.W.2d 142, 144 (Mo.App.1982). A legally protectible interest involves a pecuniary or personal interest directly in issue or jeopardy, which is subject to some consequential relief, immediate or prospective. *Id.* Ripeness requires the declaration sought to present a question appropriate and ready for judicial determination. *Id.*

In summary, appellant alleged in his petition that he was falsely charged and found guilty of violating a prison disciplinary rule for inciting a riot, and was subsequently transferred to a more secure prison. The facts alleged, even when accepted as true, plead no infringement on appellant's constitutional rights sufficient to compel court intervention. Even when construed favorably to appellant, those allegations fail to plead a cause of action under the declaratory judgment act. As related in the petition, appellant's complaint about his disciplinary violation presents no justiciable controversy amenable to *judicial* determination of rights. The legislature has granted prison administrators the authority to promulgate rules, establish disciplinary procedures, and to provide a grievance process for contesting disciplinary measures. §§ 217.175 and 217.370, RSMo Supp.1991. Appellant admitted in his petition that he had utilized the prison grievance procedures in contesting the constitutional basis for his disciplinary violation. Further, the allegation of appellant's punitive transfer to a more secure prison fails to identify a legally protectible interest. An inmate enjoys no constitutional right to remain in a particular institution and generally is not entitled to due process protections prior to an administrative transfer. *State ex rel. Division of Adult Institutions v. Brackman*, 737 S.W.2d 516, 518–19 (Mo.App. 1987). The Due Process Clause of the United States Constitution does not in and of itself protect a duly convicted prisoner against intrastate transfer. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451, 459 (1976). Section 217.350, RSMo Supp.1991, authorizes the transfer of inmates to other correctional facilities. Under the facts presented in appellant's petition, declaratory judgment is not a successful remedy available to him. Appellant's second point is denied.

In its order, the trial court granted the state's motion to dismiss, without citing specific reasons for the dismissal of appellant's petition. Although the reasons set

forth in this opinion differ in some respects from those advanced in the motion to dismiss, we find that the trial court reached the correct result. Our primary concern is the correctness of the result, not the route by which it is reached. *Love Mortgage Properties, Inc. v. Horen,* 639 S.W.2d 839, 841 (Mo.App.1982).

The judgment of dismissal is affirmed.

All concur.