**Kenneth G. CHARRON, Appellant,**

v.

**STATE of Missouri, City of St. Louis County and Platte County Circuit Court(s), Jay Nixon and Any Other Necessary and Indispensable Person(s) Unknown or Unnamed Here, Respondents.**

**No. WD 69016.**

Missouri Court of Appeals, Western District.

June 17, 2008.

Kenneth G. Charron, appellant acting pro-se.

Ronald Salvatore Ribaudo, Jefferson City, MO, for respondents State of Missouri, St. Louis County Circuit Court, Platte County Circuit Court, Jeremiah W. (Jay) Nixon, Atty. Gen.

Before: JOSEPH M. ELLIS, Presiding Judge, LISA WHITE HARDWICK, Judge and JOSEPH P. DANDURAND, Judge.

JOSEPH M. ELLIS, Judge.

Kenneth Charron, on behalf of himself and others, appeals a judgment dismissing his petition against the State of Missouri and other institutional parties for lack of subject matter jurisdiction. For the following reasons, we affirm as modified.

Appellant, an inmate at the Missouri Department of Corrections located in Bonne Terre, filed a *pro se* declaratory judgment action on behalf of himself and other allegedly similarly situated inmates[1] against the State of Missouri and others. As summarized by Appellant, the petition "ask[ed] that the court answer certain question(s) of statutory construction between certain enhancement statutes and specific sentencing statutes." Specifically, the petition challenged the application of two statutes concerning enhancement of sentences, §§ 588.016 and 557.036.4,[2] to unclassified and non-code felonies. Appellant later filed a "Supplemental Claim and Challenge to the Constitutionality of Section 558.016 RSMo., as Amendment to Original Petition." The trial court accurately summarized Appellant's claims (and those on behalf of other allegedly similarly situated inmates) as follows:

> Petitioners—who purport to have been convicted of rape in violation of Mo.Rev. Stat. § 566.030, sodomy in violation of Mo.Rev.Stat. § 566.060, armed criminal action in violation of Mo.Rev.Stat. § 571.015, or murder in violation of Mo. Rev.Stat. § 565.004 and who purport to have requested jury sentencing,—seek a

> declaration that it is both contrary to state statute and a violation of the Due Process Clause for Missouri circuit courts to sentence prior offenders without first allowing a jury to render an advisory sentence (or perhaps, to allow *any* judge, as opposed to jury, sentencing). According to petitioners, the crimes of which they were convicted were non-code and unclassified offenses, and the statutes creating theses [*sic*] offenses provide their own sentencing regimes. Hence, they insist, jury sentencing—or, at a minimum, advisory sentencing by the jury—was (and is) mandated for them and other prisoners in their positions.

(Internal footnote omitted.) Respondents filed a timely motion to dismiss for lack of subject matter jurisdiction. After a hearing, the trial court entered its judgment granting the motion and dismissing the case with prejudice. This appeal follows.

In his first point, Appellant asserts that the trial court erred in determining that it did not have subject matter jurisdiction over his petition. He argues that Respondents' motion to dismiss was improper because it "was based on legal arguments concerning standing and how a particular litigant might be attacking a sentence" and does not show that a court is "not authorized under Section 527.010 et seq., RSMo., to preside over the class of cases known as declaratory judgment actions." He contends that the court does have subject matter jurisdiction over his declaratory

---

1. Michael Pilcher, another inmate at the Bonne Terre facility, was also named as a plaintiff in the declaratory judgment action, but he does not appear to be a party to this appeal. Before the petition was served on any of the respondents, another inmate, Charles Rentschler, filed a motion for permission to intervene as an interested party, asserting that he "has claims and issues identical as those presented herein." Although there is no indication in the record that this

motion was granted, some of the subsequent pleadings indicate that they are on behalf of the original plaintiffs and this intervenor. For ease of reference, we will refer to Appellant in the singular throughout our discussion.

2. Appellant does not specify which version of these statutes he challenges.

judgment action because he is seeking a judicial determination of the validity of state statutes. These arguments reflect a misunderstanding of the interplay between subject matter jurisdiction and declaratory judgment actions.

 "Subject-matter jurisdiction concerns the nature of the cause of action or the relief sought and exists only when the court has the right to proceed to determine the controversy or question in issue between the parties, or grant the relief prayed." *Missouri Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 21 (Mo. banc 2003) (internal quotation omitted). " 'Dismissal for lack of subject-matter jurisdiction is proper whenever it appears, by suggestion of the parties or otherwise, that the court is without jurisdiction.' " *Arnwine v. Trebel*, 195 S.W.3d 467, 471 (Mo.App. W.D.2006) (quoting *Missouri Soybean*, 102 S.W.3d at 22, and citing *Rule 55.27(g)(3)* ). " 'As the term "appears" [in Rule 55.27(g)(3) ] suggests, the quantum of proof is not high; it must appear by the preponderance of the evidence that the court is without jurisdiction.' " *Arnwine*, 195 S.W.3d at 471 (quoting *James v. Poppa*, 85 S.W.3d 8, 9 (Mo. banc 2002)).

> Generally, the decision to dismiss for lack for subject-matter jurisdiction is a question of fact left to the sound discretion of the trial court, and it will not be reversed on appeal absent an abuse of that discretion. However, where, as here, the facts are uncontested, a question as to the subject-matter jurisdiction of a court is purely a question of law, which is reviewed *de novo*. This Court is primarily concerned with the correctness of the result, not the route taken by

> the trial court to reach it; the trial court's judgment will be affirmed if it is correct on any ground supported by the record, regardless of whether the trial court relied on that ground.

*Missouri Soybean*, 102 S.W.3d at 22 (internal citations omitted).

 "Under § 527.010 of the Declaratory Judgment Act, circuit courts have the 'power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.' " *Shelter Mut. Ins. Co. v. Vulgamott*, 96 S.W.3d 96, 101 (Mo.App. W.D.2003) (internal quotation omitted). The Declaratory Judgment Act "specifically provides that declaratory judgments are a proper vehicle for testing the validity of statutes or ordinances." *Northgate Apartments, L.P. v. City of North Kansas City*, 45 S.W.3d 475, 479 (Mo.App. W.D.2001) (citing *§ 527.020* ).[3]

> Nonetheless, in order to maintain a declaratory judgment action, a petitioner must satisfy four requirements. First, the petitioner must demonstrate a justiciable controversy exists which presents a real, substantial, presently-existing controversy as to which specific relief is sought, as distinguished from an advisory decree offered upon a purely hypothetical situation. Second, the petitioner must demonstrate a legally protected interest consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief. Third, the question presented by the petition must be ripe for judicial determination. A petitioner who satisfies all three of these elements must also demonstrate that he or she

**3.** Section 527.020, provides, in pertinent part: "Any person ... whose rights, status or other legal relations are affected by a statute, [or] municipal ordinance ... may have determined any question of construction or validity arising under the ... statute, [or] ordinance ... and obtain a declaration of rights, status or other legal relations thereunder."

does not have an adequate remedy at law.

*Id.* (internal citations omitted).

In the case at bar, the trial court concluded that Appellant's petition must be dismissed for lack of subject matter jurisdiction for two reasons. First, the court found that it had no authority to hear declaratory judgment actions attacking sentences. The court reasoned that Appellant was attempting to collaterally attack the sentences of himself and other inmates, that Appellant was improperly attempting to circumvent the post-conviction rules to challenge the sentences, and that a declaratory judgment action was not the proper avenue for such an attack. Second, the court found that, to the extent that he claimed he was not challenging his own sentence, Appellant lacked standing to attack the sentences of other inmates or future sentences that may be imposed. The court reasoned that Appellant had "no personal interest in the outcome of the litigation" to the extent that it concerned the legitimacy or validity of sentences other than his own current sentence. Appellant's arguments to this Court pertain only to the first ground for dismissal.

Appellant first asserts that the court failed to mention the "separate claim" presented by an intervenor which specifically challenged the validity of § 588.016. He does not explain why this would render the court's analysis erroneous. Regardless, the court specifically referred to Appellant's challenge to the constitutional validity of the state statutes, which was only asserted in the supplemental or amended claim.

■ Next, Appellant contends that the court erroneously concluded that the allegations in the petition constitute a collateral attack on the sentences. He cites no authority to support this contention, but several Missouri cases are instructive.

In *Plant v. Haynes,* 568 S.W.2d 585 (Mo.App. W.D.1978), an inmate had received three sentences that were to run consecutively. *Id.* at 586. He filed a declaratory judgment action asserting that "under the law, all of said sentences were concurrent and that defendants were violating his constitutional rights by computing the same as consecutive." *Id.* at 586–87. He sought a declaration that the sentences were to run concurrently and an order that the defendants re-compute his term of imprisonment accordingly. *Id.* at 587. This Court found:

Plaintiff has made it clear by his petition that he seeks an order of the court declaring his rights, status and legal relations as affected by the sentences imposed against him. He has specifically denominated his petition as one for a declaratory judgment and he claims that an order upon his petition will terminate a controversy between him and the defendants and remove an uncertainty regarding the term of his imprisonment. *It is equally clear that the allegations of plaintiff's petition constitute a collateral attack upon the sentences imposed against him. The object of his petition is to have vacated or set aside that part of each sentence which states that it is to run consecutively.* In this manner, plaintiff seeks to have his sentences corrected and as thus corrected, his sentences would run concurrently.

*Id.* (emphasis added). We stated that "[t]he exclusive remedy for such an attack is by motion pursuant to Rule 27.26 [the precursor to Rules 24.035 and 29.15]," and "[t]he Rule cannot be circumvented by denominating the petition by a different name." *Id.; see also Cooper v. State,* 818 S.W.2d 653, 654 (Mo.App. W.D.1991) ("A prisoner may not circumvent the applicable post-conviction rules by presenting a

collateral attack upon his conviction and sentence in an action for declaratory judgment.").[4] Accordingly, we concluded that the petition should have been dismissed because the trial court did not have subject matter jurisdiction. *Plant*, 568 S.W.2d at 588.

In contrast, in *McDermott v. Carnahan*, 934 S.W.2d 285 (Mo. banc 1996), our Supreme Court held that a trial court had erroneously found that a prisoner's claims should have been brought in a Rule 24.035 motion, not in a declaratory action. *Id.* at 287. The inmate had petitioned the court to declare that he had the right to an immediate parole hearing after three years imprisonment under § 571.015.1. *Id.* The Court reasoned that the inmate was "asking for an interpretation of part of a statute governing his eligibility for parole," which was "not an attack on the *validity of his sentence* or conviction." *Id.* (emphasis added). Therefore, the claim was properly brought in a declaratory judgment action. *Id.*

■■■■■ The Declaratory Judgment Act "is neither a general panacea for all legal ills nor a substitute for existing remedies. It is not to be invoked where an adequate remedy already exists." *Cooper*, 818 S.W.2d at 654 (internal citation omitted). The post-conviction rules provide the exclusive remedy for challenges to the validity of a sentence or conviction on grounds of violation of state statute or the federal or state constitutions. *See Brock v. State*,

242 S.W.3d 430, 433 (Mo.App. W.D.2007) ("Rule 29.15 provides the exclusive procedure by which a felon can challenge the validity of a conviction or sentence on grounds that it violated the constitution and laws of the State, or the United States Constitution."); *State ex rel. Taylor v. Moore*, 136 S.W.3d 799, 801 (Mo. banc 2004) ("Rule 24.035 provides the exclusive remedy for a person 'convicted of a felony on a plea of guilty ... who claims that the conviction or sentence imposed violates the constitution and laws of this state....'"). If an inmate fails to file a timely motion for post-conviction relief, he "may merit habeas relief by demonstrating cause for the failure to timely raise the claim at an earlier juncture and prejudice resulting from the error that forms the basis of the claim." *Id.* (internal quotation omitted). Thus, at the very least, a declaratory judgment action is improper to challenge the validity of a sentence or conviction where any of these avenues is available.

In the case at bar, Appellant asserts that he asked the trial court to address "enforcement of the prison term imposed" and to declare that the sentences are not "authorized by law," or not enforceable. This is clearly an attack on the "validity of his sentence,"[5] which is inappropriate for a declaratory judgment action. *See McDermott*, 934 S.W.2d at 287. Nevertheless, Appellant contends that the fact that he does not request that any of the sentences be vacated or set aside in the cur-

---

4. *Cooper* specifically held that an inmate could not use a declaratory judgment action to seek "discharge from incarceration" and a declaration that a sentencing statute and a prison disciplinary rule were unconstitutionally vague because the inmate had already brought the same claim in his earlier Rule 27.26 motion. 818 S.W.2d at 654. This Court stated that "a Rule 27.26 motion was the legally proper procedure available to appellant and he availed himself of that remedy," so he could not request a declaratory

judgment as "a guise for obtaining another review of an adjudicated claim." *Id.* Nevertheless, the general rules concerning declaratory judgment actions cited in *Cooper* apply to the case at bar.

5. "Valid" is defined as, among other things, "authorized by law" or "incapable of being rightfully overthrown or set aside." *Black's Law Dictionary* 1550 (6th ed. 1990).

rent action renders his claims appropriate for a declaratory judgment action.[6] *Cf. Plant*, 568 S.W.2d at 587. Appellant cites no authority for this contention, and we found none in our independent research. In addition, there is no indication in the record that Appellant (or any of the other allegedly similarly situated inmates) has been foreclosed from the other avenues for challenging the validity of his sentences, and Appellant does not make this argument. Thus, the trial court did not err in determining that it had no subject matter jurisdiction. Point denied.

Appellant asserts in his second point that the judgment is void because Judge Jon Beetem granted the motion and signed the judgment after he had been recused. This contention has no merit because there is no indication that Judge Beetem took any action on the case after it was reassigned to Judge Patricia Joyce. A review of the docket entries indicates that Judge Joyce granted the motion and signed the judgment despite the fact that Judge Beetem's name is printed below the signature line.[7] Point denied.

In Point III, Appellant contends that the trial court erred in granting the motion to dismiss for lack of subject matter jurisdiction "with prejudice" because this resulted in an improper adjudication of the case on the merits.

In *Missouri Soybean*, the Court affirmed the dismissal of a declaratory judgment action but modified the judgment from with prejudice to without prejudice specifically because it was a dismissal for lack of subject matter jurisdiction. 102 S.W.3d at 29. The Court cited *Parmer v. Bean*, 636 S.W.2d 691, 694 (Mo.App. E.D. 1982), for this modification, which stated:

A court should grant a motion to dismiss for lack of subject matter jurisdiction whenever "it appears" that the court lacks such jurisdiction. Once a factual question of the court's jurisdiction is raised, the movant bears the burden of demonstrating that the court's exercise of jurisdiction is improper. As the term "appears" suggests the quantum of proof is not high. It must appear by the preponderance of the evidence that the court is without jurisdiction.... There are several reasons for a lower burden of proof. *One is that a cause of action dismissed for lack of subject matter*

6. Appellant contends that, if the trial court declares that the sentences are not authorized by law, he will be able to bring a separate action on the basis of this judgment to "shorten" the sentences pursuant to § 527.080, which provides that "[f]urther relief based on a declaratory judgment or decree may be granted whenever necessary or proper." Appellant provides no authority for this contention, and we found no cases applying this section to such circumstances or, indeed, to any claims by inmates.

7. On April 19, 2007, after Respondents had filed their motion to dismiss and a separate answer, Appellant filed a motion for change of judge pursuant to Rule 51.05. The docket sheet indicates that Judge Beetem held a hearing on the motion to dismiss and took the case under advisement on May 1, 2007. However, an entry two days later, on May 3, 2007, states, "On review of the file, a Motion for Change of Judge was timely filed on April 19, 2007, but not presented to the Court. Court recuses same. Cause transferred to Presiding Judge for re-assignment." The case was reassigned to Judge Patricia Joyce the next day and was set for a hearing on May 21, 2007. The docket sheet indicates that Judge Joyce held a hearing and took the motion under advisement on May 21, 2007, and that Judge Joyce entered judgment on May 31, 2007. It is slightly confusing because the judge's signature on the judgment is illegible and Judge Beetem's name is printed below the signature line, but the handwritten date on the judgment is May 31, 2007. There were several docket entries after Judge Beetem's recusal, all of which were entered by Judge Joyce or her staff.

*jurisdiction is dismissed without prejudice.* The plaintiff is free to refile another action in the same tribunal or another tribunal which has jurisdiction. The more important reason is that subject matter jurisdiction goes to the very heart of the court's power to act and determine the rights and duties of the parties. *When the court lacks subject matter jurisdiction, any action it takes is null and void.*

*Id.* at 694–95 (quoting *Rule 55.27(g)(3)*, internal citations and footnote omitted, emphasis added). This Court recently explained further that "[a] dismissal for lack of subject matter jurisdiction must be without prejudice because the court has no authority to decide the case on the merits." *Seldomridge v. General Mills Operations, Inc.*, 140 S.W.3d 58, 63–64 (Mo.App. W.D. 2004) (holding that court lacked subject matter jurisdiction because exclusive remedy was through Workers' Compensation Act); *see also Shaver v. First Union Realty Mgmt., Inc.*, 713 S.W.2d 297, 300 (Mo. App. S.D.1986) (same, citing *Parmer* ).

Thus, the trial court erred in dismissing Appellant's petition with prejudice because the dismissal was for lack of subject matter jurisdiction. Pursuant to our authority under Rule 84.14, we modify the judgment to be a dismissal without prejudice. In all other respects, the trial court's judgment dismissing the petition for lack of subject matter jurisdiction is affirmed.

All concur.