

# Missouri Court of Appeals
## Southern District

### In Division

| | | |
|---|---|---|
| RONALD PARKER, a Single Person, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LYNN PARKER, a Single Person, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CARL and DEBBIE HORTON, Husband and Wife, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DOG PAW TRANSPORTATION, LLC, a Missouri Limited Liability Company, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. SD38186 |
| | ) | |
| CASTLE VIEW COUNTRY CLUB, INC., a Missouri Not for Profit Corporation, in Good Standing, | ) | **Filed:  June 4, 2024** |
| | ) | |
| Defendant-Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY

Honorable Jeffrey M. Merrell

1

**JUDGMENT VACATED IN PART AND CASE REMANDED**

This appeal challenges a grant of summary judgment. The plaintiffs in this case ("Property Owners") own a 1/3000 interest in Castle View RV Resort ("the Property"). Property Owners sued the non-profit company that manages the Property, Castle View County Club, Inc. ("Castle View"), seeking a declaratory judgment determining the rights of the parties regarding voting rights, fees and assessments, the management of assets, equal treatment of members, the duty to provide accountings, and certain property restrictions (Count 1) and an accounting (Count 2). For several years the case laid somewhat dormant until Castle View filed a motion for summary judgment. The circuit court granted that motion and entered judgment in favor of Castle View on both counts. Finding merit in Property Owners' claim that the judgment was not based upon uncontroverted material facts, we vacate the judgment in part and remand the case to the circuit court.[1]

## Governing Law & Standard of Review

Three elements are required to state a claim for a declaratory judgment: 1) "a justiciable controversy"; 2) "a legally protectible interest"; and 3) "a question ripe for judicial determination." *Cooper v. State,* 818 S.W.2d 653, 655 (Mo.App. W.D.1991). Justiciability refers to "a real, substantial, presently existing controversy admitting of specific relief." *Id.* "A legally protectible interest involves a pecuniary or personal interest directly in issue or jeopardy, which is subject to some consequential relief, immediate or prospective." *Id.* "Ripeness requires the declaration sought to present a question appropriate and ready for judicial determination." *Id.*

---

[1] Property Owners do not challenge the circuit court's grant of summary judgment as to Count 2. As a result, we vacate only the circuit court's ruling on Count 1. "The case law permits a court to order the vacation of less than an entire judgment." **Asher v. Carnahan**, 268 S.W.3d 427, 432 (Mo. App. W.D. 2008). Because Property Owners did not appeal every issue in the underlying judgment, we need not vacate the entire judgment. **Id.**

*Camden Cnty. ex rel. Camden Cnty. Comm'n v. Lake of Ozarks Council of Local Gov'ts*, 282 S.W.3d 850, 856 (Mo. App. S.D. 2009).

> The standard of review for an appeal challenging the grant of a motion for summary judgment is *de novo. ITT Com. Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). In such cases, we do not defer to the trial court's decision, but instead use the same criteria that the trial court should have employed in initially deciding whether to grant the motion *Barekman v. City of Republic*, 232 S.W.3d 675, 677 (Mo. App. 2007). We review the record in the light most favorable to the party against whom judgment was entered, and accord that party the benefit of all inferences which may reasonably be drawn from the record. *Id.* Summary judgment is appropriate where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *ITT Com. Fin. Corp.*, 854 S.W.2d at 376.

*LaBranche v. Kansas City Pub. Schs.*, 671 S.W.3d 801, 807 (Mo. App. W.D. 2023).

Rule 74.04[2] establishes the boundaries of Missouri's summary judgment practice, and compliance with that practice is mandatory. **Great S. Bank v. Blue Chalk Constr., LLC**, 497 S.W.3d 825, 828 (Mo. App. S.D. 2016). "Under that rule, the first inquiry is the identification of the movant and whether the movant is a 'claimant,' *see* Rule 74.04(a), or a 'defending party,' *see* Rule 74.04(b)." **Id.** Here, Castle View is a "defending party" as to the claims raised by Property Owners in their First Amended Petition.

The second inquiry is whether the motion for summary judgment properly pleads all of the elements detailed in Rule 74.04(c)(1). **Id.** As a defending party to Property Owners' claims, summary judgment is established in favor of Castle View if it shows:

> (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or

---

[2] All rule references are to Missouri Court Rules (2024).

(3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense.

*Id.* at 829 (quoting *ITT Com. Fin. Corp.*, 854 S.W.2d at 381).

If the first two requirements are met, the movant (here, Castle View) has made a *prima facie* case for its right to judgment as a matter of law, and the burden then shifts to the non-movant (here, Property Owners) to demonstrate that one or more of the material facts is genuinely disputed. *Id.* "To put a fact in 'genuine dispute,' the non-movant may not rely on a general denial, but, instead, must support that denial with 'specific references to the discovery, exhibits or affidavits that demonstrate the specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Reverse Mortg. Sols., Inc. v. Est. of Hunter*, 479 S.W.3d 662, 666 (Mo. App. W.D. 2015)).

## Analysis

In their sole point on appeal, Property Owners claim:

> The trial court erred by granting summary judgment for Castle View on Count 1 of the Property Owners' First Amended Petition, because the judgment was not based on uncontroverted material facts, in that the "facts" set forth in Castle View's Statement of Uncontroverted Material Facts [("SUMF")], which the court found to be the uncontroverted material facts, rested not upon facts but upon the Property Owners' objections to Castle View's interrogatories and requests for production of documents.

We agree.

Castle View moved for summary judgment on the ground that Property Owners, after an adequate period of discovery, had not been able to produce, and would not be able to produce, evidence sufficient to allow the trier of fact to find the "existence of any one of [Property Owners'] elements."

The numbered paragraphs of Castle View's relevant SUMF are as follows.[3]

1. [Property Owners] have not been able to produce, and will not be able to produce, evidence sufficient to allow trier of fact to find that [Castle View] amended or adopted by-laws that were in conflict with the obligations imposed by statute or the underlying restrictions. [Property Owners]' Responses to Interrogatory Nos. 13, 14, Exhibits 1 and 2 and [Property Owners]' Response to [Castle View]'s Request for Production of Documents No. 22, Exhibit 3.

2. [Property Owners] have not been able to produce, and will not be able to produce, evidence sufficient to allow trier of fact to find that [Castle View] failed to bring substantive changes of by-laws to a vote of the membership over a period in excess of one term of office for the officers of the corporation. [Property Owners]' Response to Interrogatory No. 14., Exhibits 1 and 2, and [Property Owners]' Response to [Castle View]'s Request for Production of Documents No. 9, 22, Exhibit 3.

3. [Property Owners] have not been able to produce, and will not be able to produce, evidence sufficient to allow trier of fact to find that [Castle View] has not consistently allowed true proxy voting with actual proxy ballots certified by the individual members. [Property Owners]' Response to Interrogatory No. 15, Exhibits 1 and 2, and [Property Owners]' Response to [Castle View]'s Request for Production of Documents No. 10, 22, Exhibit 3.

4. [Property Owners] have not been able to produce, and will not be able to produce, evidence sufficient to allow trier of fact to find that Castle View has charged fees and assessments unauthorized with the obligations imposed by statute or the underlying restrictions. [Property Owners]' Response to Interrogatory No. 16, Exhibits 1 and 2, and [Property Owners]' Response to [Castle View]'s Request for Production of Documents No. 11, 23. Exhibit 3.

5. [Property Owners] have not been able to produce, and will not be able to produce, evidence sufficient to allow trier of fact to find that Castle View has charged differing fees to different owners in like or similar circumstances and at different rates during the year, specifically including but not limited to charging individuals including some of the [Property Owners] for purported extended term stays. [Property Owners]' Responses to Interrogatory No. 16, 18, 26, Exhibits 1 and 2, and [Property Owners]' Response to [Castle View]'s Request for Production of Documents No. 20, 23, Exhibit 3.

6. [Property Owners] have not been able to produce, and will not be able to produce, evidence sufficient to allow trier of fact to find that Castle View has incurred financial obligations beyond the regular maintenance of the facility, including purchasing or causing to be constructed improvements such as rental units on the

---

[3] Castle View's SUMF numbers 11 and 12 contained similar defects but are not at issue in this appeal as they were directed only toward Count 2.

demised property, and not properly budgeting for the same with prior member approval. [Property Owners]' Responses to Interrogatory No. 17, 18, Exhibits 1 and 2, and [Property Owners]' Response to [Castle View]'s Request for Production of Documents No. 12, 24, Exhibit 3.

7. [Property Owners] have not been able to produce, and will not be able to produce, evidence sufficient to allow trier of fact to find that Castle View has disposed of or caused to be destroyed without just cause assets of the corporation, including physical structures located on the premises, while also not providing actual proxy ballots on said issue. [Property Owners]' Responses to Interrogatory No. 20, 21, Exhibits 1 and 2 and [Property Owners]' Response to [Castle View]'s Request for Production of Documents No. 15, 16, 25, Exhibit 3.

8. [Property Owners] have not been able to produce, and will not be able to produce, evidence sufficient to allow trier of fact to find that Castle View has failed to treat all owners in an equal manner, including allowing members of the Board and other parties designated by them to remain on the same sites continually in contravention of the obligations imposed on all other owners. [Property Owners]' Responses to Interrogatory No. 22, 23, 26, 28, Exhibits 1 and 2 and [Property Owners]' Response to [Castle View]'s Request for Production of Documents No. 17, 21, 26, Exhibit 3.

9. [Property Owners] have not been able to produce, and will not be able to produce, evidence sufficient to allow trier of fact to find that Castle View has failed to provide an adequate explanation of the financial status of the corporation to its members on a regular basis. [Property Owners]' Responses to Interrogatory No. 16, 18, 26, Exhibits 1 and 2 and [Property Owners]' Response to [Castle View]'s Request for Production of Documents No. 27, Exhibit 3.

10. [Property Owners] have not been able to produce, and will not be able to produce, evidence sufficient to allow trier of fact to find that Castle View has failed to treat or assess all owners equally in terms of sums charged or record keeping for owners allowed to stay on certain lots of the premises without being required to move therefrom. [Property Owners]' Responses to Interrogatory No. 26, 27, Exhibits 1 and 2 and [Property Owners]' Response to [Castle View]'s Request for Production of Documents No. 21, 23 Exhibit 3.

Property Owners timely filed the following response to each of the SUMF paragraphs

quoted above:

RESPONSE: The Interrogatories and Requests for Production attached here as exhibits do not contain any fact or any admission. The [Property Owners'] responses were objections based on the broad, vague and unduly burdensome nature of the requests. This is [sic] does not constitute a "statement of a fact" material or otherwise.

6

A review of Castle View's SUMF reveals that none of the alleged "facts" address any element of a declaratory judgment action, *see* **Green v. Fotoohighiam**, 606 S.W.3d 113, 115 (Mo. banc 2020) (stating that "[a] material fact in the context of summary judgment is one from which the right to judgment flows"), and Property Owners are correct in arguing that exhibits 1, 2, and 3, which Castle View claimed to support its SUMF, consist only of Property Owners' objections to interrogatories and requests for production of documents, which constitute neither facts nor admissions.

Castle View does not cite any legal authority supporting the proposition that Property Owners' objections to discovery – which Castle View never asked the circuit court to overrule – constitute material facts, and we are not aware of any such authority. Having asserted no uncontroverted material facts to support its motion for summary judgment, Castle View has failed to make a *prima facie* showing of its right to judgment as a matter of law. The judgment of the circuit court is vacated as to Count 1, and the case is remanded for further proceedings consistent with this opinion.


DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

7