Andrew J. **SALES**, Movant–Appellant,

v.

**STATE of Missouri, Respondent.**

No. 15821.

Missouri Court of Appeals,
Southern District,
Division One.

April 25, 1989.

Motion for Rehearing or Transfer
to Supreme Court Denied May 12, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Gary L. Robbins, Public Defender, Scott A. Albers, Asst. Public Defender, Jackson, for movant-appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

Movant Andrew J. Sales appeals from a dismissal of his second motion for post-conviction relief under former Rule 27.26.[1] On May 12, 1983, movant pled guilty to second degree burglary, § 569.170,[2] and stealing, § 570.030. His sentences were four and three years, respectively, to be served consecutively to each other but concurrently with sentences imposed in the United States District Court. On June 12, 1984, movant filed his first motion for post-conviction relief under Rule 27.26. That motion was denied and the judgment was affirmed on appeal. *Sales v. State*, 700 S.W.2d 131 (Mo.App.1985).

On January 21, 1986, movant filed a second Rule 27.26 proceeding. In it he alleged for the first time that his guilty plea was the product of coercion, and that he was denied effective assistance of counsel at his original plea of guilty in that his counsel advised him to plead guilty so he could immediately be transported to St. Louis to perfect an appeal of a federal court conviction. The explanation given for failing to include these allegations in his first Rule 27.26 motion was that the attorney representing movant in the first proceeding did not have formal authority to represent him, and the attorney, being the same attorney who represented him at the plea of guilty, had a conflict of interest in violation of the rules relating to professional responsibility. The argument presented in the court below, and here, is that these facts invalidate the first post-conviction proceeding.

After hearing evidence, the trial judge found the attorney was authorized to represent movant and that movant was aware of all facts alleged in his present motion when he filed his first motion. Accordingly, the court dismissed the second post-conviction motion.

■ The burden is on movant to establish that any ground raised in the second motion could not have been raised by him in the prior motion. Rule 27.26(d). Successive Rule 27.26 motions presenting a new issue which could have been raised in a prior proceeding will not be considered by the courts. *Sours v. State*, 725 S.W.2d 649, 651 (Mo.App.1987).

■ The first basis upon which movant attempts to avoid the effect of the above-quoted rules is his claim that, without a docket entry to that effect, his attorney had no "formal authority" to represent movant in the first Rule 27.26 proceeding. That claim is totally without merit.

First, the facts do not support the claimed lack of authority by the attorney. The evidence was that movant had numerous contacts with the attorney after legal representation was commenced to discuss the factual and legal issues involved in the first post-conviction proceeding. Movant obviously knew the attorney was representing him and made no complaint before or during the hearing in that proceeding.

Secondly, the law does not support his contention. Movant cites *Broyles v. Califano*, 495 F.Supp. 4 (E.D.Tenn.1979), *Kahn v. Brunswick–Balke–Collender Co.*, 156 S.W.2d 40 (Mo.App.1941), and *McPike Drug Co. v. Wilson*, 237 S.W. 1044 (Mo. App.1922), in support of his contention that absent an entry in the court's docket sheet in the first proceeding, the attorney lacked authority to represent movant. These cases do not support the contention. The common rules that may be drawn from these cases are that a court appearance by an attorney on behalf of a party is rebuttably presumed to be authorized by the client, and the burden is cast on the client to timely object when he learns of the appearance. *Broyles*, 495 F.Supp. at 8; *Kahn*, 156 S.W.2d at 43; *McPike Drug Co.*, 237 S.W. at 1046. The claim that the first post-conviction proceeding was invalidated by the attorney's lack of authority is unsupported by facts or law.

1. References to Rule 27.26 are to Missouri Rules of Court (17th ed. 1986). Because this proceeding was pending prior to January 1, 1988, it continues to be governed under the provisions of Rule 27.26 in effect when the motion was filed. *See* Rule 24.035(*l*), Missouri Rules of Court (20th ed. 1989). All other rule references are to Missouri Rules of Court (20th ed. 1989).

2. References to statutes are to RSMo 1978 & Cum.Supp.1983.

■ We turn now to movant's claim that his attorney in the first Rule 27.26 proceeding had a conflict of interest because he had represented movant at his guilty plea and, therefore, the attorney did not and could not properly "ascertain from the prisoner whether he has included all grounds known to him as a basis for" relief as required by Rule 27.26(h).

The factual support for this claim is found in movant's testimony that the attorney did not inform him that he must raise any questions of effective assistance of counsel in the first post-conviction proceeding. The attorney directly refuted that assertion. According to the attorney, when the representation was undertaken in that proceeding, Sales was advised that he was required to raise all grounds in one motion, and, if there was any claim of ineffective assistance of counsel, he had to tell the attorney so someone else could be appointed to represent movant. The attorney testified that movant informed him he had no complaints and wanted the attorney to represent him in the first Rule 27.26 proceeding.

Appellate courts defer to the assessment of credibility by trial judges and even when uncontradicted the movant's testimony may be rejected. *Henderson v. State*, 734 S.W.2d 254, 255 (Mo.App.1987); Rule 73.-01(c)(2). The court below was entitled to believe that the attorney complied with his duties under Rule 27.26(h) and reject movant's contradictory testimony.

■ Notwithstanding the evidence, movant argues that the attorney's conduct violated the rules of professional conduct. The brief directs our attention to provisions of the present rules of professional conduct. Of course, those rules were not effective in 1984 when the attorney undertook representation in the first post-conviction proceeding. Canon 5, DR 5–101(A) of the Code of Professional Responsibility, then in effect, provided:

> Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests.

Rule 4, Missouri Rules of Court (15th ed. 1984). The evidence previously noted supports a finding that the attorney fully discussed movant's right to raise ineffective assistance of counsel and that movant was informed he had a duty to raise all issues in one proceeding. In addition, the evidence in the record indicates movant was fully aware of all the facts which he now asserts in support of his claim of ineffective assistance of counsel when the first post-conviction motion was filed. Under the rules then in effect, the informed consent of movant to the attorney's continued representation was sufficient to demonstrate that the attorney's conduct fell within the ethical standards. We need not address the assertion that under present rules the attorney's conduct fell below the standard.

■ It has been said that there are conceivable situations in which a prisoner is not foreclosed from bringing a second post-conviction action where, because of some gross delinquency of counsel, the prisoner "did not know of the defect in the original trial and where he was prevented from discovering the existence and significance of the defect due to ineffective assistance of counsel." *Williams v. State*, 507 S.W.2d 664, 666 (Mo.App.1974). That situation does not exist here. In the first post-conviction proceeding, movant was represented by counsel and was granted an opportunity to present evidence prior to disposition of the case. Movant fails to identify any facts of which he was unaware or facts which he was prevented from discovering by his attorney in the prior action.

The essence of movant's complaint is that when he filed the first motion, although he knew all the facts necessary to support a claim of ineffective assistance of counsel at his guilty plea, he was ignorant of the legal effect of those facts. There is reason to doubt movant's claim of ignorance. The record from the plea of guilty forward is replete with evidence of movant's experience in the criminal justice system. Even if he were a legal neophyte, his argument is "nothing more than a semantic

disguise of a consistently rejected excuse—lack of legal knowledge [which] has been repudiated as a cognizable excuse for not raising an ostensibly new ground in a prior Rule 27.26 motion." *Wright v. State,* 614 S.W.2d 325, 327 (Mo.App.1981).

The policy behind prohibiting attacks on effective assistance of counsel in a prior post-conviction proceeding was reiterated by the Missouri Supreme Court in *Brauch v. State,* 653 S.W.2d 380, 381 (Mo.banc 1983):

> Were a prisoner permitted to challenge the effectiveness of his legal counsel at the first 27.26 hearing by means of filing a second 27.26, then he could likewise challenge his representation at the second hearing by filing a third 27.26, and so on ad infinitum. That patent absurdity would intolerably clutter the courts and would reduce the whole legal process to ridicule.

(Quoting *Williams v. State, supra*).

Accordingly, the judgment is affirmed.

CROW, P.J., and GREENE, J., concur.