**STATE ex rel. Andre H. TAYLOR, Petitioner,**

v.

**Steven MOORE, Superintendent, Respondent.**

**No. SC 85166.**

Supreme Court of Missouri, En Banc.

June 22, 2004.

Richard L. Gray, Shook, Hardy & Bacon, L.L.P., Kansas City, for petitioner.

Jeremiah W. (Jay) Nixon, Atty. General, Michael J. Spillane, Tamara D. Ader, Assistant Attorneys General, Jefferson City, for respondent.

DUANE BENTON, Judge.

Petitioner Andre Taylor seeks an original writ of habeas corpus. *Mo. Const. art. V, sec. 4.* He claims he was erroneously sentenced under section 217.362.[1] Because he was prejudiced by an unlawful sentence, it is vacated; he may withdraw his plea, but is remanded to the custody of the department of corrections.

---

1. All statutory references are to RSMo 2000.

Andre Taylor pled guilty to three counts of first-degree drug trafficking and one count of second-degree drug trafficking. *See Sections 195.222, 195.223.* He was sentenced to 15 years' imprisonment for each first-degree count and 10 years for the second-degree count, to be served concurrently. By the plea agreement, Taylor was to be placed in a Long Term Drug Program (LTDP). At the time of plea and sentencing, Taylor's counsel consistently advised him that through LTDP, he would only serve nine to eighteen months of the prison sentences.

After sentencing, the department of corrections determined Taylor was ineligible for LTDP. To be eligible for LTDP, an offender must not have "pleaded guilty to or been convicted of a dangerous felony." *Section 217.362.1.* In 1983, Taylor was convicted of first-degree robbery and first-degree assault—both "dangerous felonies." *See Section 556.061(8).* Neither the trial judge nor Taylor's counsel knew about the previous convictions at the time of plea and sentencing (though his counsel was so informed 75 days after sentencing).

Taylor did not file a Rule 24.035 motion. Both the circuit court and court of appeals denied habeas relief. This Court appointed a Master who made findings of fact as summarized above, and recommended that the judgments against Taylor be vacated.

Taylor claims the trial court erred in sentencing him to LTDP without verifying his eligibility under section 217.362. The statute requires the sentencing judge to notify the department of corrections *before* sentencing an offender to LTDP. *Section 217.362.2.* The offender "shall be screened by the department to determine eligibility" for LTDP. *Id.* The judge may sentence to LTDP only if the offender is eligible. *Id.*

In this case, the trial court never notified the department of corrections. Taylor was not screened for LTDP eligibility until *after* sentencing. The trial court erred in sentencing Taylor to LTDP without verifying his eligibility for the program.

■ Taylor failed to apply for post-conviction relief. Rule 24.035 provides the exclusive remedy for a person "convicted of a felony on a plea of guilty ... who claims that the conviction or sentence imposed violates the constitution and laws of this state...." *Rule 24.035.* Taylor's claim, although procedurally defaulted, may merit habeas relief by demonstrating "cause for the failure to timely raise the claim at an earlier juncture and prejudice resulting from the error that forms the basis of the claim." *Brown v. State,* 66 S.W.3d 721, 726 (Mo. banc 2002).

■ *Cause.* Taylor must show that an "objective factor external to the defense impeded [his] efforts to comply" with Rule 24.035. *State ex rel. Nixon v. Jaynes,* 63 S.W.3d 210, 215 (Mo. banc 2001). Habeas is available where the petitioner's claim was not known or reasonably discoverable during the filing period under Rule 24.035. *See Brown v. Gammon,* 947 S.W.2d 437, 440 (Mo.App.1997); *see also Brown v. State,* 66 S.W.3d at 731.

■ In this case, the Master found that Taylor did not know he was denied LTDP within the 90–day filing period under Rule 24.035. In fact, he was affirmatively misled as to his eligibility for LTDP—both by the trial judge and his counsel. This is "a cause external to the defense." *Brown,* 66 S.W.3d at 731.

The State argues Taylor knew of his 1983 convictions, and could have reasonably discovered his status during the filing period under Rule 24.035. Theoretically, Taylor could have researched the eligibility requirements for LTDP under section 217.362 before the 90–day filing period ex-

pired. According to the State, Taylor's lack of *legal* knowledge cannot excuse his default. *See Duvall v. Purkett,* 15 F.3d 745, 748 (8th Cir.1994); *McKinnon v. Lockhart,* 921 F.2d 830, 832 (8th Cir.1990); *Sales v. State,* 772 S.W.2d 739, 741–42 (Mo.App.1989); *Wright v. State,* 614 S.W.2d 325, 327 (Mo.App.1981).

True, a petitioner with the *factual* knowledge for a legal claim cannot argue that ignorance of the law is "cause" for procedural default. *Duvall,* 15 F.3d at 748; *McKinnon,* 921 F.2d at 832. However, the legal experts—his counsel and the trial judge—both told him that he would be sentenced to LTDP. *See Sales,* 772 S.W.2d at 741. Further, he did not learn the key fact—the trial court's sentencing error—until after the 90–day filing period.

■ *Prejudice.* Taylor must show that the trial court's error "worked to his actual and substantial disadvantage." *Brown,* 66 S.W.3d at 726. Here, the Master found that if Taylor had known he was ineligible for LTDP, he would have rejected the plea agreement and gone to trial. He expected to serve less than two years in LTDP, but now serves lengthy sentences. This constitutes prejudice.

■ Contrary to the State's assertion, the trial court's error was not "self-invited by Taylor." The State argues that because Taylor did not request an eligibility check, he invited the trial court to accept the guilty plea and sentence him to LTDP. However, the statute requires the judge to notify the department of corrections for screening. It does not require the offender to request screening.

Taylor is entitled to habeas relief because his sentence is unlawful. *State ex rel. Nixon v. Sprick,* 59 S.W.3d 515, 519 (Mo. banc 2001). The sentence is vacated. He is entitled to withdraw his guilty plea. However, because he is currently serving another sentence, he is remanded to the custody of the department of corrections, which shall correct its records to reflect the vacated sentences.[2]

All concur.

---

2. The Court expresses its appreciation to attorney Richard Gray, who represented petitioner *pro bono* by appointment.