ATTORNEY FOR APPELLANT: Ellen H. Flottman, Public Defender's Office, 1000 West Nifong, Building 7, Suite 100, Columbia, MO 65203.
ATTORNEY FOR RESPONDENT: Joshua D. Hawley, Attorney General, Robert Jefferson Bartholomew, Jr., Assistant Attorney General, P.O. Box 899, St. Louis, MO 65102.
Honorable Mary K. Hoff
Michael E. Williams ("Movant") appeals from the "Memorandum, Decision, and Judgment Denying Motion for Post-Conviction Relief" ("Judgment") denying his Rule 24.035 motion following an evidentiary hearing. We reverse the motion court's judgment, vacate Movant's guilty plea and sentence, and remand.
Factual and Procedural Background
Movant was charged as a chronic offender with driving while intoxicated, in violation of Section 577.010, RSMo 2000.[1] On July 5, 2016, Movant pleaded guilty plea to the charged offense.
During the plea hearing, Movant told the court that he had enough time to discuss his case with his attorney and that he had no complaint about how his attorney had handled his case. Movant also affirmed that he understood the specific constitutional rights attendant with a trial and appeal that he was giving up by pleading guilty.
Following the prosecutor's recitation of the underlying facts, Movant admitted that on November 29, 2013, he operated a motor vehicle in Warren County while under the influence of alcohol and also admitted to four prior convictions for driving while intoxicated.
Thereafter, the court asked Movant if he had a plea agreement. Movant responded that he did. The court then told Movant that, "I'm gonna follow that plea agreement. If I didn't follow it I'll let you withdraw your plea." Movant then told the court that he understood the full range of punishment was five to fifteen years imprisonment. The court found a factual basis for Movant's guilty plea, that Movant's plea was voluntary and unequivocal, and accepted Movant's guilty plea.
After plea counsel waived the sentencing assessment report, the court announced that it would follow the plea agreement. The court sentenced Movant to eight-years' imprisonment but retained jurisdiction and sentenced Movant to Long Term Drug Program ("LTDP"), pursuant to Section 217.362.[2]
On November 28, 2016, Movant timely filed a pro se motion for post-conviction relief pursuant to Rule 24.035. On December 1, 2016, the motion court appointed post-conviction counsel. On February 9, 2017, appointed counsel sought an extension of time to file the amended motion, which was granted by the motion court.
On March 2, 2017, appointed counsel timely filed an amended motion, in which he claimed, inter alia , that after Movant was delivered to the custody of the Department of Corrections ("DOC"), he was found to be ineligible for the long-term treatment program due to an insufficient *753 number of felony convictions. Movant claimed that his guilty plea was not voluntary, knowing, or intelligent because he was denied effective assistance of counsel when his plea counsel told Movant that he would be placed in LTDP. Movant further claimed that he was denied due process by the sentencing court's failure to determine whether Movant was eligible for the program.
On May 4, 2017, an evidentiary hearing was held before the motion court. Movant testified that he was found to be ineligible for LTDP because he lacked three felony convictions. Movant testified that plea counsel advised him that if he pleaded guilty he would be placed in LTDP. Movant believed counsel had checked to determine his eligibility for the treatment program and that she had determined that Movant was eligible. Movant also believed that the court had checked and had determined that he was eligible for the program. Movant testified that he pleaded guilty because he believed he would be placed in LTDP and that he would not have pleaded guilty had he known he was ineligible.
Katie Thoman ("Ms. Thoman") testified that she had represented Movant in his criminal case. She testified that Movant pleaded guilty to an eight-year sentence with long-term treatment, but he was not placed in LTDP because he did not have the requisite prior convictions. Ms. Thoman testified that a person has to have two prior felony convictions and a new one, and Movant did not have them. Before he pleaded guilty, Ms. Thoman met with Movant and they discussed the case. She told him the plea recommendation from the prosecutor was for an eight-year sentence with long-term treatment.
Ms. Thoman testified that she had told Movant that if he pleaded guilty, he would go to the DOC and probably serve a portion of his sentence before he was placed in the year-long program, so that he would be released after two years, having completed the program. Ms. Thoman testified that in Movant's current situation, he would still become eligible for parole after serving two years in the DOC. Ms. Thoman admitted that she had assumed Movant would be placed in the program, but that she had not checked beforehand to determine whether he was, in fact, eligible.
On May 26, 2017, the motion court entered its Judgment in which it found that Movant's testimony that he would have not pleaded guilty had he known he was ineligible for LTDP lacked credibility. The motion court stressed that the fact Movant faced a possible sentence of fifteen-years' imprisonment but was sentenced to "substantially less time than the maximum sentence" was clear evidence that Movant "received the benefit of his bargain with the State." The motion court believed that Movant accepted the plea offer of eight years to avoid a potentially longer sentence, hoping to participate in LTDP, "if eligible." In addition, the motion court found that Movant's guilty plea waived any complaints he might have had regarding the plea court's pre-sentencing procedures. The motion court concluded that Movant failed to demonstrate prejudice with respect to the judgment and sentence he received given that Movant "voluntarily pled guilty without requesting th[e] Court verify his eligibility for [LTDP] prior to sentencing him." Thereafter, the motion court denied Movant's Rule 24.035 motion. This appeal follows.
Standard of Review
Our review of the denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous.
*754 Johnson v. State, 529 S.W.3d 36, 39 (Mo. App. W.D. 2017). The motion court's findings and conclusions are clearly erroneous only if, after review of the entire record, we are left with the definite and firm impression that a mistake has been made. Johnson, 529 S.W.3d at 39. Movant has the burden of showing by a preponderance of the evidence that the motion court clearly erred in its ruling. Id.
After a guilty plea, our review is limited to a determination of whether Movant's plea was knowing and voluntary. Taylor v. State, 456 S.W.3d 528, 533 (Mo. App. E.D. 2015). To establish ineffective assistance of counsel, Movant must show both (1) that his attorney failed to conform his representation to the degree of skill, care, and diligence of a reasonably competent attorney under similar circumstances and (2) that he was prejudiced as a result. Taylor, 456 S.W.3d at 534. To prove prejudice, Movant must show that but for counsel's errors, he would not have pleaded guilty but would have insisted on going to trial. Id.
Rule 24.035 provides the exclusive remedy for a person "convicted of a felony on a plea of guilty ... who claims that the conviction or sentence imposed violates the constitution and laws of this state...." Rule 24.035(a).
Discussion
Movant raises two points on appeal that are essentially the same claim of error and will be addressed together. In Point I, Movant argues the motion court clearly erred in denying his motion for post-conviction relief when it sentenced Movant to LTDP without verifying his eligibility for the program. In Point II, Movant argues the motion court clearly erred in denying his motion for post-conviction relief because plea counsel was ineffective in failing to verify that he was eligible for LTDP and in advising him to accept the plea agreement and enter a guilty plea. Movant contends because his plea rested upon the guarantee that he was being sentenced to LTDP, the actions of the trial court and plea counsel rendered his plea involuntary.[3]
In his post-conviction motion, Movant alleged that he was denied due process of law when the trial court failed to have the DOC determine his eligibility for long-term treatment before sentencing.
At the hearing on Movant's motion, Movant testified that he was not put in LTDP because he was, after pleading guilty, found to be ineligible as he did not have three felony convictions. Movant testified that he believed plea counsel had checked his eligibility, and also believed the court did its own check. When Movant pleaded guilty, he believed he would be placed in LTDP. He knew that he had to successfully complete the program to be released, but if he had known he was ineligible, he would not have pleaded guilty but instead gone to trial.
In its Judgment, the motion court found that Movant's testimony at the guilty plea hearing that no one had promised him what his sentence would be defeated his claim "even if this Court were to believe [his] claim that [Ms. Thoman] affirmatively represented to him that he was eligible for the long term treatment program." The motion court further found that Movant's belief was not reasonable and refuted by the record. The motion court further found that Movant was "pleading guilty because he was guilty" and that he was sentenced *755 to less than the maximum sentence, so he was not prejudiced. The motion court found that Movant's testimony that he would have insisted on going to trial to lack credibility. The motion court also found that Movant's claim was "not cognizable" and waived by pleading guilty. Specifically, the motion court stated: "To the extent [Movant] wanted this Court to determine his eligibility for long term treatment prior to sentencing him, either he or Plea Counsel could have, and were in fact required to raise that issue prior to the plea or sentencing." The motion court's findings are clearly erroneous.
"Mistaken beliefs about sentencing affect a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and the mistake is based upon a positive representation upon which the movant is entitled to rely." Dorsey v. State, 115 S.W.3d 842, 845 (Mo. banc 2003). When a movant claims that he pleaded guilty due to a mistaken belief about the sentence, the test is whether a reasonable basis existed in the record for that belief. Evans v. State, 315 S.W.3d 404, 405 (Mo. App. E.D. 2010). Here, Movant pleaded guilty based on a mistaken belief about the sentence and plea agreement. The record shows that the plea agreement Movant entered into was for eight-years' imprisonment with long-term treatment, and the court imposed that sentence. Moreover, plea counsel made an affirmative misrepresentation to Movant that he would be eligible for LTDP, and Movant reasonably relied upon that representation in deciding to plead guilty rather than go to trial.
At the evidentiary hearing, Movant testified that when he pleaded guilty, he believed he would be placed in LTDP because of what Ms. Thoman had represented to him. Ms. Thoman testified that Movant pleaded guilty to an eight-year sentence with long-term treatment, but he was not placed in the LTDP because he did not have the requisite prior convictions. Ms. Thoman testified that she told Movant if he pleaded guilty, he would be placed in LTDP and would do two years in the DOC. Ms. Thoman testified that Movant would probably do some of that before they put in him the year-long program, so that he would be released after two years and after he completed the program. Ms. Thoman assured Movant he would be placed in the program, but never checked beforehand to determine if he was eligible. She did not think the court did either; she testified that it is usually the attorney who does that. Ms. Thoman testified that Movant was incorrect if he thought she checked on his eligibility. She did not check or get Movant screened or look at his felony priors.
The instant case is similar to State ex rel. Taylor v. Moore, 136 S.W.3d 799 (Mo. banc 2004). In State ex rel. Taylor, the defendant pleaded guilty to drug trafficking and the plea agreement provided that defendant be placed in long-term treatment pursuant to Section 217.362. Taylor, 136 S.W.3d at 801. However, like here, after sentencing, the DOC determined that defendant was ineligible for the program. Id. The Missouri Supreme Court noted that the statute requires the sentencing judge notify the DOC before sentencing someone to long-term treatment and determined that defendant was entitled to habeas relief because the trial court erred in sentencing him without first verifying his eligibility for the treatment program. Id. The Court then added that "if [the defendant] had known he was ineligible for [the treatment program], he would have rejected the plea agreement and gone to trial. He expected to serve less than two years ... but now serves lengthy sentences." Id. at 802.
*756 As in Taylor, here Movant's guilty plea was premised on his sentencing to the treatment program. Movant reasonably expected to be eligible for LTDP but was later found to be ineligible. This constitutes prejudice. Id. Finally, as the trial court in Taylor erroneously placed the burden on defendant to request an eligibility check, so too did the motion court here. Id. Section 217.362 requires the judge to notify the DOC for screening. It does not require the offender to request screening. Id.
We find Harrell v. State, 429 S.W.3d 452, 458 (Mo. App. S.D. 2014), upon which the State relies, distinguishable from the case at bar. In Harrell, defendant was convicted of first-degree robbery and armed criminal action and sentenced to consecutive terms of ten and fifteen years, respectively. Harrell, 429 S.W.3d at 454. Defendant waived his right to a sentencing assessment report and, after sentencing, was found ineligible for LTDP by the DOC. Id. at 457.
In his appeal for post-conviction relief, defendant argued that he was prejudiced by the trial court's failure to determine, prior to sentencing, whether he was eligible for LTDP, as required by statute. Id. The Harrell court disagreed finding that the trial court imposed the sentences it intended to give defendant and that those sentences were in no way conditioned upon defendant's eligibility for long-term treatment. Id. at 458. Moreover, the sentencing transcript revealed that the trial court expressed serious doubts as to whether defendant was eligible for the treatment program and reiterated that his eligibility for the program would need to be evaluated by the DOC. Id. Finally, the Harrell court noted that there was "no indication in this record that the sentences imposed on [defendant] were in any way affected by whether he was, or was not, eligible for long-term treatment." Id. Unlike in Harrell, the record here is clear that Movant's sentence was contingent on his acceptance into LTDP.[4]
Movant's claim that his guilty plea was involuntary based on the fact that he was misinformed about his eligibility for long-term treatment is supported by the record. Plea counsel failed to verify that Movant was eligible for LTDP in advising him to accept the plea agreement and enter a plea of guilty; therefore, Movant received ineffective assistance of counsel. In addition, because Movant's plea rested upon the guarantee that he was being sentenced to long-term treatment, his plea was unknowing and involuntary. The motion court clearly erred in denying Movant's Rule 24.035 motion for post-conviction relief. Point granted.
Conclusion
The Judgment is reversed and remanded.
Colleen Dolan, Presiding Judge and James M. Dowd, Chief Judge: concur

Unless otherwise indicated, all further statutory references are to RSMo 2000 as amended. The record indicates that Movant pleaded guilty to driving while intoxicated on four previous incidents, from 1999 to 2009.

Section 217.362 provides for "an intensive long-term program for the treatment of chronic nonviolent offenders with serious substance abuse addictions who have not pleaded guilty to or been convicted of a dangerous felony as defined in section 556.061." Section 217.362.1. The statute also provides that the offender's sentence may be suspended in favor of probation in the discretion of the trial court upon the successful completion of the treatment program. Section 217.362.3.

We note that although Point I is framed as trial-court error, in reality, Movant asserts a claim of ineffective assistance of counsel.

In emphasizing the similarities between Harrell and the case at bar, the State points to the finding by the Harrell court that "any error on the trial court's part was invited," as defendant waived his right to a sentencing assessment report, which would have evaluated his eligibility for various DOC programs. Harrell, 429 S.W.3d at 458. The Harrell court concluded that defendant's actions amounted to "self-invited error" that could not subsequently be challenged. Id. Notwithstanding any self-invited error, the record here, unlike in Harrell, clearly demonstrates that Movant relied on the misadvice of counsel in pleading guilty.