

# SUPREME COURT OF MISSOURI
## en banc

DUSTIN J. HEFLEY, )
)
Appellant, )
)
v. ) No. SC98876
)
STATE OF MISSOURI, )
)
Respondent. )

*Opinion issued June 29, 2021*

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY
### The Honorable Calvin Holden, Judge

Dustin J. Hefley appeals the judgment overruling his Rule 24.035 motion for

postconviction relief. Hefley pleaded guilty to driving while intoxicated ("DWI"). Plea

counsel advised him he would be eligible for long-term treatment under section 217.362,[1]

and the circuit court sentenced him to nine years in the Department of Corrections

("DOC") pursuant to that provision. After sentencing, it was discovered Hefley was

statutorily ineligible for placement in the program.

The judgment overruling the Rule 24.035 motion found plea counsel was not

shown to have provided ineffective assistance because Hefley recognized he was not

---

[1] All statutory references are to RSMo 2016, unless otherwise specified.

assured placement in the program and, by entering an open plea, he subjected himself to the full range of punishment for the offense. These findings are clearly erroneous. Hefley's ultimate placement in the program was not the basis for his ineffective assistance claim. Rather, Hefley was erroneously counseled that he *could* be placed in long-term treatment when, as a matter of law, he was ineligible. Upon review of the complete record, this Court holds the mistaken belief held by Hefley regarding his sentencing, which arose from his plea counsel's direct assurance, resulted in his guilty plea. The judgment is reversed, and the case is remanded.

### Background

Hefley was charged with, among other offenses, the class B felony of DWI, stemming from an incident in April 2017. Hefley entered a guilty plea without an agreement as to punishment. During standard questioning from the circuit court, Hefley confirmed that he was pleading guilty without any agreement and that he was satisfied with his plea counsel. The circuit court accepted Hefley's guilty plea, set a date for sentencing, and ordered a sentencing assessment report ("SAR"). The SAR noted Hefley needed approval from the parole board before he could enter treatment but was "eligible for sentencing pursuant to RSMO 217.362 Long Term treatment."

At the sentencing hearing, the prosecutor stated she did not have any additions for or corrections to the SAR.[2] The State recommended Hefley receive a 12-year sentence in the DOC. Plea counsel, while acknowledging the seriousness of Hefley's actions,

---

[2] The circuit court and plea counsel noted some irregularities in the SAR, which was potentially the result of cutting and pasting material from another SAR.

referenced Hefley's health problems and alcohol addiction. Plea counsel stated Hefley "would like to get into a long-term treatment program" and further argued:

> If he's fortunate enough that DOC will allow him into this program, upon its completion, he -- he's got some alternatives that he would like to pursue. . . . [B]ut he recognizes that you could place him, upon completion of that program, the 217 program -- he could be ordered to go into the DWI court program again and sort of parlay what he's learned and what he's accomplished in DOC and continue on with that kind of accomplishments within the community.

Plea counsel then acknowledged Hefley would be interested in other treatment programs "for sort of an aftercare or follow-up to the treatment that he would receive under the 217 program." The circuit court sentenced Hefley to nine years in the DOC, adding, "I'm going to sentence you under the 217 program of long-term treatment. It will be up to the [DOC] parole board whether they allow you to do that or not." During questioning about satisfaction with plea counsel, Hefley agreed he was not promised any certain sentence.

Following sentencing, the Board of Probation and Parole informed the circuit court Hefley was ineligible for long-term treatment under section 217.362. Hefley filed a *pro se* motion to vacate, set aside, or correct his judgment or sentence. Postconviction counsel then filed an amended motion, which alleged Hefley's guilty plea was involuntary, unknowing, and unintelligent because plea counsel misinformed and misled him to believe he was eligible for long-term treatment pursuant to section 217.362, even though he was statutorily ineligible as a habitual offender.

At the postconviction relief evidentiary hearing, plea counsel testified he had advised Hefley on long-term treatment. He further stated Hefley decided to plead guilty based on the representation counsel would argue for long-term treatment. There was no

3

promise Hefley would get into long-term treatment, but Hefley was told affirmatively—albeit erroneously—he was eligible for that program. Plea counsel did not discover Hefley was ineligible, as a matter of law, for long-term treatment until after sentencing.

Hefley testified he would have "[a]bsolutely not" pleaded guilty in an open plea had he known there was no possibility of being accepted into long-term treatment. On cross-examination, he acknowledged that he knew there was no plea deal and that the circuit court could have sentenced him to up to 15 years. He further testified that, based on discussions with his attorney, he believed he was eligible for long-term treatment and there was a substantial likelihood he would be granted placement. Hefley realized the requested remedy—having his plea set aside—could subject him to the full range of punishment of which he would have to serve 85 percent as a habitual offender.

The postconviction relief court overruled Hefley's Rule 24.035 motion, finding Hefley's plea was not involuntary or unintelligent because he "had no reasonable basis to expect that he would, in fact, receive long[-]term treatment." It also found Hefley had not demonstrated prejudice because he knew he could be sentenced anywhere within the range of punishment for a class B felony and no promises were made by plea counsel. Hefley appeals.[3]

## Standard of Review

Appellate review of a judgment on a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly

---

[3] After an opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.

4

erroneous." Rule 24.035(k). The judgment is "clearly erroneous" when, upon review of the complete record, there is a "definite and firm impression that a mistake has been made." *Johnson v. State*, 580 S.W.3d 895, 900 (Mo. banc 2019).

**Analysis**

## I.      *Availability of Long-term Treatment*

Hefley argues the judgment denying Rule 24.035 relief was clearly erroneous because plea counsel was ineffective for incorrectly advising him about his eligibility for the long-term drug program ("LTDP"). As an initial matter, however, this Court recognizes Hefley's ineligibility for the LTDP was determined *after* sentencing. The DOC is charged with the creation of the LTDP to aid chronic nonviolent offenders with substance abuse addictions. Section 217.362.1. After an offender successfully completes the LTDP, the offender may be released on probation, if the court determines probation is appropriate. Section 217.362.3. But the LTDP is not available to those convicted of a "dangerous felony." Section 217.362.1. An "intoxication-related traffic offense" is categorized as a "dangerous felony" if the person is found to be a "habitual offender." Section 556.061(19).[4] A "habitual offender" is an individual with "[f]ive or more intoxication-related traffic offenses committed on separate occasions." Section 577.001(11)(a). Because Hefley was charged as a habitual offender and was, in fact, a habitual offender,[5] he was not eligible, as a matter of law, for the LTDP.

---

[4] Effective January 1, 2017, the definition of a dangerous felony was expanded to include "an 'intoxication-related traffic offense' . . . if the person is found to be a 'habitual offender' . . . as such term[ is] defined in section 577.001." Sections 556.001, 556.061(19).

[5] Hefley had five prior DWIs.

Section 217.362.2 provides that a judge considering sentencing an offender to the LTDP must notify the DOC *in advance of sentencing*. The DOC then screens the offender to determine eligibility for the program and whether adequate space exists. *Id.* Provided the DOC reports the offender is eligible and there is space in the program, then and only then may the court sentence the offender to the LTDP. *Id.* Appellate courts have repeatedly ruled screening for eligibility to the LTDP *after* sentencing is not appropriate. *State ex rel. Taylor v. Moore*, 136 S.W.3d 799, 801 (Mo. banc 2004) ("The trial court erred in sentencing Taylor to LTDP without verifying his eligibility for the program."); *Stuart v. State*, 565 S.W.3d 766, 777 (Mo. App. 2019) (noting this Court's recognition that section 217.362 "requires the sentencing judge notify the DOC *before* sentencing someone to long-term treatment" (emphasis in original)); *Williams v. State*, 563 S.W.3d 750, 756 (Mo. App. 2018), *opinion adopted and reinstated after retransfer* (Jan. 15, 2019) ("Section 217.362 requires the judge to notify the DOC for screening."). "If the court is advised that an offender is not eligible or that there is no space available, the court shall consider other authorized dispositions." Section 217.362.2. It is error for a court to sentence a defendant to the LTDP prior to ensuring eligibility and space through the DOC.[6] Courts cannot ignore statutory procedure.

---

[6] The SAR request did not provide this information. The SAR request was not meant to notify the DOC that Hefley was being considered for the program, and the SAR did not indicate whether space existed in the program.

## II.     *Ineffective Assistance of Plea Counsel*

Hefley argues the judgment denying his ineffective assistance claim is clearly erroneous.  The two-part test for ineffective assistance of counsel enumerated in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to ineffective assistance claims in the guilty plea context.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  Second, the defendant must show prejudice, meaning "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

"[A] guilty plea must be a voluntary expression of the defendant's choice, and a knowing and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences."  *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc 1997).  The voluntariness of Hefley's plea, which was premised on his plea counsel's advice, "depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"  *Hill*, 474 U.S. at 56.  "Mistaken beliefs about sentencing affect a defendant's ability to knowingly enter a guilty plea if the mistake is reasonable and the mistake is based upon a positive representation upon which the movant is entitled to rely."  *Dorsey v. State*, 115 S.W.3d 842, 845 (Mo. banc 2003).

Hefley was statutorily ineligible to enter the LTDP.  Plea counsel directly advised him otherwise.  The sentencing record, in which plea counsel repeatedly referenced the LTDP, and testimony from the postconviction relief hearing provide evidence Hefley was mistakenly relying on the possibility of being sentenced to the LTDP when that could not

7

legally occur. The record reflects a reasonable basis for the mistaken belief, a belief to which even the circuit court subscribed. On these facts, plea counsel's affirmative misrepresentation regarding Hefley's eligibility for the LTDP was objectively unreasonable. Hefley was entitled to and did rely on this erroneous advice. For these reasons, the judgment finding that Hefley's plea was made voluntarily, knowingly, and intelligently is clearly erroneous.

Despite the misrepresentation, the State argues Hefley's plea was made with sufficient awareness of the relevant circumstances and likely consequences of his plea. This Court disagrees. Because of the erroneous advice, Hefley lacked a sufficient understanding of his potential sentence. The State notes a court should not engage in retrospective examination of difficult judgments counsel may be forced to undertake in providing advice in a guilty plea, *see McMann v. Richardson*, 397 U.S. 759, 770 (1970) (involving counsel's assessment of whether a confession would be admissible when courts themselves disagree on the standard and application for the admissibility of such evidence), but no difficult examination or weighing of alternative judgment calls was necessary here. In advising Hefley incorrectly on his eligibility under section 217.362, plea counsel's performance was deficient.

In the context of a guilty plea, prejudice is demonstrated if, but for counsel's errors, the guilty plea would not have been entered and the defendant would have insisted on proceeding to trial. *Johnson*, 580 S.W.3d at 900. The judgment overruling the Rule 24.035 motion found an absence of prejudice because Hefley entered his plea without an agreement and knew he could be sentenced within the full range of punishment for a

8

class B felony. In making this conclusion, the court misunderstood Hefley's claim. Hefley recognized there was no guarantee he would be placed in the LTDP, but the record reflects a reasonable belief that he would be *eligible* for placement. Hefley testified he would not have pleaded guilty had he known there was no possibility of being accepted into the LTDP. Plea counsel testified Hefley decided to plead guilty based on the representation he would argue for Hefley's placement in the LTDP. Nothing in the record or judgment denying postconviction relief suggests otherwise.

The State argues this Court should defer to the postconviction relief court's *implicit* determination that Hefley's testimony was not credible. As a result of that court's position to assess the credibility of a witness during a postconviction relief hearing, this Court defers to credibility determinations. *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019). But the judgment overruling Hefley's Rule 24.035 motion is devoid of credibility findings and rests solely on Hefley's decision to enter an open plea. No deference is owed, in this case, to any implicit credibility determination. Hefley adamantly testified he would have forgone the guilty plea and proceeded to trial had he known he was ineligible for the LTDP. Plea counsel's testimony supported this claim.

Contrary to the judgment denying postconviction relief, under the facts here, Hefley's plea without an agreement and without promises does not preclude postconviction relief. Although prior cases have found plea counsel ineffective for affirmatively misrepresenting a defendant's eligibility in a DOC program, the State attempts to distinguish these cases because prejudice was more clearly demonstrated. *See Dobbins v. State*, 187 S.W.3d 865, 867 (Mo. banc 2006) (finding defendant prejudiced by

9

entering an open plea upon inaccurate advice he would be eligible to petition for early release because he rejected a plea offer for a term of years less than he received); *Stuart*, 565 S.W.3d at 777 (finding defendant prejudiced because he entered a plea agreement premised on being sentenced to a treatment program when ineligible); *Williams*, 563 S.W.3d at 756 (same). Prejudice is not so limited, and a court must focus on the relevant inquiry: whether, but for counsel's errors, the guilty plea would not have been entered, and the defendant would have insisted on proceeding to trial. *See Johnson*, 580 S.W.3d at 900. Counsel's advice to a defendant would influence the decision whether to enter an open plea, and plea counsel here provided an affirmative misrepresentation critical to making that decision. The postconviction relief judgment made no determination of whether Hefley would not have pleaded guilty if he had accurately been counseled on his ineligibility for the LTDP. In the absence of such a determination, and considering the evidence suggesting Hefley's plea was grounded on his eligibility in the program, this Court finds prejudice existed. This prejudice finding is further reinforced by the fact that the circuit court was persuaded—and actually attempted—to give Hefley the sentence under section 217.362. Plea counsel's erroneous assurance Hefley was eligibile for the program, which motivated his plea from the outset, was ultimately followed by the circuit court. The record here shows that, but for plea counsel's error, Hefley would not have entered the guilty plea and would have insisted on proceeding to trial.

10

**Conclusion**

Because the judgment overruling Hefley's Rule 24.035 motion is clearly erroneous, it is reversed, and the case is remanded.

 

 

_____
Mary R. Russell, Judge


Wilson, Powell and Fischer, JJ., concur;
Breckenridge, J., concurs in part and dissents
in part in separate opinion filed;
Draper, C.J., concurs in opinion of Breckenridge, J.
Ransom, J., not participating.



# SUPREME COURT OF MISSOURI
## en banc

DUSTIN J. HEFLEY,                    )
                                     )
        Appellant,                   )
                                     )
v.                                   )        No. SC98876
                                     )
STATE OF MISSOURI,                   )
                                     )
        Respondent.                  )

OPINION CONCURRING IN PART AND DISSENTING IN PART

I concur with the majority of the principal opinion's analysis. The principal opinion is correct that the sentencing court clearly erred by sentencing Mr. Hefley to the long-term drug program ("LTDP") prior to ensuring eligibility and space through the department of corrections. The principal opinion also correctly determines the motion court incorrectly focused on the uncertainty of Mr. Hefley's ultimate placement in LTDP as the dispositive issue in whether Mr. Hefley would have gone to trial and clearly erred when it overruled Mr. Hefley's postconviction motion because he had no plea bargain or guarantee he would be placed in LTDP. Correctly understood, Mr. Hefley's claim was that he would not have pleaded guilty had he known he was ineligible for LTDP and his plea counsel was ineffective in telling him he was eligible for LTDP when he was not.

I write separately because the principal opinion resolves Mr. Hefley's correctly stated postconviction claim as though it raises solely a question of law, which would only require the Court to correctly apply the law to his claim. But Mr. Hefley's claim presents a mixed question of law and fact. Due to the motion court's misunderstanding of Mr. Hefley's claim, it failed to make the findings of fact necessary to resolve the claim. Without factual findings on the elements of Mr. Hefley's correctly stated claim by the motion court, the standard of review precludes the principal opinion from ruling on the issue of law raised by his claim. The proper disposition under the standard of review is to vacate the motion court's judgment and remand the case to the motion court for more specific findings and conclusions.

Rules 24.035(j) requires the motion court to "issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." Findings and conclusions will not be supplied by implication from the motion court's ruling, and "must be sufficiently specific to allow meaningful appellate review." *Burgess v. State*, 342 S.W.3d 325, 328-29 (Mo. banc 2011). This is because Rule 24.035(k) provides, "Appellate review of the trial court's action on the motion filed under this Rule 24.035 *shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous.*"[1] (Emphasis added). A finding is clearly erroneous when the reviewing court is left with a definite and firm impression a mistake has been made. *Hamilton v. State*, 598

---

[1] Rule 29.15(k) provides the same, "Appellate review of the trial court's action on the motion filed under this Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous."

S.W.3d 607, 610 (Mo. banc 2020). The roles of the trier of fact and reviewing court in cases involving contested evidence were clarified in *White v. Director of Revenue*, 321 S.W.3d 298 (Mo. banc 2010). It stated:

> When the burden of proof is placed on a party for a claim that is denied, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence. If the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party.

*Id.* at 305 (citation omitted). This is so regardless of whether the opposing party presents any evidence. *Id.* A reviewing court does not re-evaluate testimony for itself. *Id.* at 309. When applying this standard of review to findings of fact, appellate courts have long been warned they "must constantly have in mind that their function is not to decide factual issues *de novo*." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985).

When a claim of error on appeal presents a mixed question of law and fact, it is necessary to separate the parts of the issue that depend on factual determinations from those that depend on legal determinations. *Pearson v. Koster*, 367 S.W.3d 36, 44 (Mo. banc 2012). The Court "will defer to the factual findings made by the trial court so long as they are supported by competent, substantial evidence, but will review de novo the application of the law to those facts." *Id.* (quoting 5 AM. JUR. 2d *Appellate Review* § 631 (2012)).

Here, on Mr. Hefley's Rule 24.035 claim that his guilty plea was involuntary due to counsel's deficient performance, he must show he held a reasonable mistaken belief about his eligibility for LTDP due to a positive misrepresentation from his counsel, *Dorsey v. State*, 115 S.W.3d 842, 845 (Mo. banc 2003), and he suffered prejudice because he would have gone to trial but for his mistaken belief, *Johnson v. State*, 580 S.W.3d 895, 900 (Mo.

3

banc 2019). Whether Mr. Hefley reasonably believed he was eligible for LTDP when he entered his guilty plea is a question of fact. *See Collins v. State*, 450 S.W.2d 186, 190 (Mo. 1970) (holding the defendant's state of mind when he entered his guilty plea is to be decided by the trier of fact); *State v. Cook*, 428 S.W.2d 728, 731 (Mo. 1968) (stating that whether a defendant has reasonable grounds for a belief is a question for the jury).

On these issues, Mr. Hefley has the burdens of production and persuasion. Rule 24.035(i); *see DePriest v. State*, 510 S.W.3d 331, 341 (Mo. banc 2017) ("[T]he movant is entitled to an evidentiary hearing at which the movant will bear the burden of persuading the motion court that the alleged facts are true."). Because Mr. Hefley has the burdens of production and persuasion, the motion court had the right to believe or disbelieve Mr. Hefley's uncontradicted, but contested evidence. *White*, 321 S.W.3d at 305. And if the motion court did not believe Mr. Hefley's evidence, it could properly find for the state regardless of whether the state presented any evidence. *Id.* The motion court, however, did not make any findings with regard to whether Mr. Hefley's mistaken belief about his eligibility for LTDP was objectively reasonable; that plea counsel affirmatively represented to Mr. Hefley that he was eligible for LTDP; or that Mr. Hefley would have gone to trial but for his mistaken belief.

As the principal opinion expressly acknowledges, the motion court has not determined whether Mr. Hefley "would not have pleaded guilty if he had accurately been counseled on his ineligibility for the LTDP." Instead, regarding plea counsel's representations to Mr. Hefley about LTDP eligibility, the motion court found plea counsel advised Mr. Hefley "that whether he would be eligible would be a 'DOC question'" and

4

"[a]ll that was demonstrated at the hearing" was that plea counsel believed Mr. Hefley "would be eligible, but that it would ultimately be up to the Department of Corrections." With respect to whether Mr. Hefley would have gone to trial, rather than plead guilty, the motion court focused on the uncertainty that Mr. Hefley would ultimately be placed in LTDP. It found Mr. Hefley "entered a plea without an agreement and, therefore, knew that he could be sentenced anywhere in the range of punishment for a Class B felony," so he "had no reasonable basis to expect he would, in fact, receive long term treatment." These findings are clearly erroneous and warrant reversal, but there are no other findings that would permit this Court to go a step further and conclude Mr. Hefley proved an ineffective assistance of counsel claim.

Nevertheless, the principal opinion finds Mr. Hefley established *Strickland* prejudice because "there is evidence *suggesting* Hefley's plea was grounded on his eligibility in the program." *Slip op.* at 10 (emphasis added). It states:

> Hefley testified he would not have pleaded guilty had he known there was no possibility of being accepted into the LTDP. Plea counsel testified Hefley decided to plead guilty based on the representation he would argue for Hefley's placement in the LTDP. Nothing in the record or judgment denying postconviction relief suggests otherwise.

*Slip op.* at 9. The principal opinion then decides Mr. Hefley's mistaken belief regarding his eligibility for LTDP was reasonable and he would have gone to trial but for his mistaken

5

belief. Further, it determines the legal effect of these facts – that Mr. Hefley received ineffective assistance of counsel.[2]

In so ruling, the principal opinion cites *Dobbins v. State*, 187 S.W.3d 865, 867 (Mo. banc 2006); *Stuart v. State*, 565 S.W.3d 766, 777 (Mo. App. 2019); and *Williams v. State*, 563 S.W.3d 750, 756 (Mo. App. 2018), *opinion adopted and reinstated after retransfer* (Jan. 15, 2019), as examples of appellate courts finding plea counsel ineffective for affirmatively misrepresenting a defendant's eligibility in a DOC program. And, indeed, those cases found plea counsel ineffective. However, the opinions do not analyze whether the motion courts' findings were sufficiently specific to permit meaningful appellate review and that absence of analysis cannot be read to mean the Court does not have to review the sufficiency of the motion courts' findings. This Court's review is limited to the motion court's "findings and conclusions," Rule 24.035(k), and those findings "must be sufficiently specific to allow meaningful appellate review," *Barry v. State*, 850 S.W.2d 348, 350 (Mo. banc 1993); *see also Edwards v. State*, 200 S.W.3d 500, 513 (Mo. banc 2006) (holding the same for review of a motion court's judgment on a Rule 29.15 motion). For that reason, the fact the *Dobbins*, *Stuart*, and *Williams* opinions do not expressly analyze the sufficiency of the motion-court findings does not support the proposition that the Court is permitted to make factual determinations *de novo* and decide the merits of an ineffective assistance of counsel claim.

---

[2] In light of these rulings, on remand, there is nothing left for the motion court to do other than to enter a judgment in favor of Mr. Hefley consistent with the principal opinion.

Rather, when the issue on appeal is a mixed question of law and fact and the motion court's factual findings do not permit meaningful appellate review, there is nothing for this Court to review. *See Franklin v. State*, 501 S.W.2d 166, 173 (Mo. 1973). In the absence of findings in the motion court's judgment, the principal opinion's reliance on the evidence as true is, in effect, deciding the facts *de novo*. This Court, however, cannot determine facts for itself. *See Hammons v. Ehney*, 924 S.W.2d 843, 850 (Mo. banc 1996) ("An appellate court may not *reverse* a decision below upon its own determination of facts."). As a result, the lack of factual findings on the mixed question of law and fact in this case precludes meaningful appellate review, and the proper course is to reverse and remand for the motion court to make findings of fact on the matter as was done in *Ervin v. State,* 80 S.W.3d 817 (Mo. banc 2002). In *Ervin*, the movant filed a motion for postconviction relief under Rule 29.15, asserting, among other things, his trial counsel had been ineffective for failing to investigate an allegation that he threatened and attacked his cellmate, which was considered as a non-statutory aggravating circumstance during the penalty phase. *Id.* at 820, 825. The motion court, however, failed to make sufficiently specific findings and conclusions on the claim that counsel failed to investigate the allegation. *Id.*

This Court held the motion court's insufficiently specific findings did not permit meaningful appellate review but noted testimony at the postconviction relief hearing supported the movant's claim. *Id.* at 825. However, rather than determining factual issues *de novo* and deciding whether trial counsel's failures constituted ineffective assistance of counsel, the Court held the questions "should be addressed by the motion court in the first

7

instance." *Id.* at 827. As a consequence, it remanded the case to the motion court for "more specific findings and conclusions on the issue." *Id.*

Application of the standard of review in this case requires the same disposition. The motion court's factual findings are insufficiently specific with regard to whether Mr. Hefley's mistaken belief about his eligibility for LTDP was objectively reasonable and whether he would have gone to trial but for his mistaken belief. The motion court made no findings in regard to these ultimate facts nor did it make any findings that would permit this Court to decide them. A remand in this case is required because the motion court could properly grant or deny Mr. Hefley's claim. The motion court could find Mr. Hefley's testimony and that of his plea counsel is credible, in which case it could properly grant relief. But the motion court, in its discretion, could find the testimony not credible, in which case there would be no credible evidence to support Mr. Hefley's claim and the motion court could properly deny relief. Consequently, the Court should follow *Ervin* and remand for the motion court to make the factual findings necessary to adjudicate Mr. Hefley's claim – whether Mr. Hefley's mistaken belief about his eligibility for LTDP was objectively reasonable and whether he would have gone to trial but for his mistaken belief.

The motion court's findings were clearly erroneous. For that reason, the findings, and the conclusions based on those findings, must be reversed. It is a step further, however, for the Court to assume the role of the motion court, determine Mr. Hefley's testimony and that of his plea counsel is credible, and decide Mr. Hefley proved the ultimate facts relevant to his claim. The motion court may very well find Mr. Hefley failed to prove the ultimate

8

facts relevant to his claim. Consequently, I concur that the judgment must be reversed and remanded, but cannot concur in determining the credibility of witnesses and making findings of fact *de novo*.

_____
PATRICIA BRECKENRIDGE, JUDGE